**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KEVIN PALMA-ROQUE,<br><br>　　　　　　　　　　Defendant. | Case No. 23-cr-01619-BAS-2<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE (ECF No. 69)** |

　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

　　Based on this amendment, Defendant Kevin Palma-Roque files a Motion for Reduction of Sentence. (ECF No. 69.) This Court referred the case to Federal Defenders

for an evaluation.  (ECF No. 70.)  Federal Defenders has filed a status report concluding "the Court can decide the motion on the existing records without further assistance of counsel."  (ECF No. 72.)

Defendant was sentenced on December 19, 2023, after the guideline amendment was effectuated.  (ECF No. 68.)  At the time he was sentenced, the Court concluded that a two-point upward adjustment under U.S.S.G. § 2L1.1(7)(A) was appropriate because the Defendant had punched a Border Patrol agent in the face while avoiding apprehension, resulting in bodily injury.  In addition, the Court found an additional two-point upward adjustment was appropriate under U.S.S.G. § 3C1.2 for reckless endangerment during flight because Defendant had run back into the ocean, taunted the Border Patrol agents to catch him, and then struggled in the water with the agent who was loaded down with his enforcement gear.  (*See* Presentence Report, ¶¶ 27, 32, ECF No. 62.)  Thus, the Court concluded Defendant used violence in connection with his offense and was not entitled to the benefit of the new guideline amendment.

Because this Court already considered and rejected the guideline amendment, and because Defendant did not object to this decision or raise it on appeal, Defendant's Motion for Reduction of Sentence (ECF No. 69) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 7, 2024**

Hon. Cynthia Bashant
United States District Judge